# CABBELL *vs.* THE STATE.

46 195
102 68

[INDICTMENT FOR ASSAULT WITH INTENT TO MURDER.]

1. *Defendant, indicted for assault with intent, &c.; what must be proved as to words of encouragement, &c., to parties committing assault, &c.*—On the trial of a party indicted for an assault with intent to murder, if it appears the assault was, in fact, made by a mob, and not by the de-

fendant, and he is sought to be convicted by proving that he encouraged, aided and abetted the mob to commit the assault, by words uttered by him, it must be shown that they were addressed to, or at least heard by, the persons, or some of them, composing the mob.

2. *Same; when words not sufficient to make out offense.*—If the words were not addressed to, or heard by, the persons, or some of them, constituting the mob, then they are not of themselves evidence of any combination or common design between the defendant and the mob.

3. *Same; particular intent must be proved.*—On the trial under such an indictment, the State must prove the particular intent charged in the indictment.

4. *Same; accountability of defendant and effect of words of encouragement to mob; what not destroyed by.*—The legal effect of words of encouragement addressed to a mob, whatever it be, can not be destroyed by the after repentance of the speaker.

APPEAL from Circuit Court of Dallas.
Tried before Hon. M. J. SAFFOLD.

THE defendant and two other persons were jointly indicted for an assault with the intent to murder one Andrew J. Baxley. The indictment was in the form prescribed by the Revised Code.

On motion of the defendants, a severance was allowed by the court, and a separate trial granted to each defendant. Thereupon appellant was put upon his trial, on the plea of not guilty, was convicted, and sentenced to be confined in the penitentiary for two years.

The evidence for the State and the defense, as set out in the bill of exceptions, discloses, in substance, the following case, to-wit:

On the 5th day of November, 1870, the said Baxley shot and killed a negro man, in the city of Selma, named Alfred Granger, and was immediately arrested by the marshal, and was being carried to prison, when suddenly a mob of negroes collected around the marshal and violently took him out of his custody, and dragged him along the street about a square, and entered a house with him called the "Old Dominion," which was immediately filled with the mob.

The marshal states that he followed the mob into the house, and endeavored to prevent the injuries being in-

flicted upon the said Baxley; that notwithstanding his efforts, said Baxley was badly beaten and injured by the crowd, and efforts were once or twice made to cut his throat; that the room was densely packed with white and black, principally the latter; that there were cries of "kill him," "he must die," &c.; that it was about an hour and a half before the crowd could be got out of the room, during all which time efforts were made to injure said Baxley; that he did not see the defendant during the day, or hear him say anything.

The evidence for the State shows, that soon after the mob entered the house, the defendant, who was a drayman, drove up on his dray in the street in front of the house and asked, "what is all this fuss about?" A negro woman standing on a dray near by answered, "they are killing the man who killed Alf. Granger;" that defendant said, "that is right, kill him, God damn him," and jumped off his dray to the side-walk in front of the Old Dominion, which was densely crowded with men around the door of the room, and the witness who testified to this saw him no more.

The evidence for the defense tends strongly to show that defendant was at the depot of the Selma, Rome & Dalton railroad when the mob first assembled, and remained there until a short time before the mob separated, and knew nothing of what was going on when he drove up, coming from the direction of said depot, on his dray, and asked what was the matter, and was told that Alf. Granger and another man was killed, and were in the house there, (pointing to the Old Dominion,) and upon being told by the witness it was too bad a place for him, he turned his dray up street and drove off.

After the evidence was closed, and the court had given its general charge, to which defendant excepted, the defendant asked the court to give the following written charges :

1. That an assault with the intent to murder differs from a riot in this—that on a charge for a riot, it is sufficient to prove a general intent to do an act, or aid and abet in doing the act; but for an assault with intent to murder, it

is necessary for the State to prove the specific intent to do the thing charged in the indictment.

" 2. That the *gravamen* of the offense charged is the "intent to murder A. J. Baxley," and that if the jury believe from the evidence that the defendant, at the time he made the remark, "kill him," &c., did not know who was being assaulted, and did not know A. J. Baxley, that then they must find the defendant not guilty.

"3. If the jury believe that the defendant made the remark or exclamation, " kill him," &c., not knowing actually what had been done, or what was being done to A. J. Baxley, and that upon going into the house and seeing Baxley inhumanly treated, repented and went away, then they must find defendant not guilty.

"4. That the jury must believe, beyond all reasonable doubt, that the words of the defendant, "kill him," &c., were addressed to, or heard by, some of those persons engaged in the common design, before these words can operate to his prejudice in this case.

" 5. That if the jury believe that the words alleged to have been spoken by the defendant is all the evidence to connect him with the common design, then they must be satisfied, beyond a reasonable doubt, that these words were spoken to, or in the hearing of, some of those engaged in the common design, before they can find the defendant guilty as charged."

The court refused to give any of these charges, and defendant duly excepted, and now assigns the refusal to give the charges asked, as well as the general charge given by the court, as error.

SUMPTER LEE, for appellant.
ATTORNEY-GENERAL, *contra.*

(No briefs came into the Reporter's hands.)

PECK, C. J.—In disposing of this case, we do not think it necessary to consider and determine the propriety of the general charge given to the jury and excepted to by

the defendant. On another trial, it will probably not be thought necessary to give this charge.

The first charge asked, I think, might have been given without error; nevertheless, its denial was not erroneous. Although the difference between an assault with intent to murder, and an act done by a riot, as to the character of the intent, may be admitted to be correct, it was not necessary to determine that question on this trial.

Under this indictment, it was necessary for the State to prove the particular intent charged.— *Ogletree v. The State*, 28 Ala. 693. If the defendant did not know who was being assaulted, and did not know A. J. Baxley, the words imputed to him, under the circumstances, did not prove the intent charged in the indictment ; therefore, the second charge should have been given.

The third charge was correctly refused, whatever may have been the legal effect of the defendant's exclamation, "kill him," &c. If it had any legal force, it was not destroyed by after repentance.

It is not pretended that the defendant committed the assault,—it was the act of the mob ; nor was it seriously contended that he was, in fact, a member of that unlawful assembly ; consequently, the words uttered by him can not be held to have encouraged or aided the persons by whom the assault was committed, unless addressed to, or at least heard by them, or some of them. It was therefore error to refuse the fourth charge.

No argument is necessary to show the correctness of the fifth charge.

If the defendant did not himself commit the assault, and the only evidence to connect him with the common design, if any such design was proved, are the words alleged to have been uttered by him, it is very clear he should not be convicted, unless the words were spoken to, or in the hearing of, the persons engaged in the common design.

If these words are the only evidence of a common design on the part of the defendant, they certainly can prove

no common design with persons by whom they were never heard.

For the errors in refusing to give the second, fourth and fifth charges asked, the judgment of the court below is re- versed, and the cause is remanded for another trial, and the said defendant will remain in custody until discharged by due course of law.